UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. : 08-62075-CIV-LENARD/GARBER

MARLBOROUGH HOLDINGS
GROUP, LTD.,

    Plaintiff,

v.

PLISKE MARINE, INC., d/b/a WORLD
YACHT SURVEY, et al.,

    Defendants.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received plaintiff Marlborough Holdings Group, Ltd.'s Motion for Leave of Court to Obtain Financial Worth Discovery [DE 157], defendant Richard Bertram's[1] Response in Opposition to Plaintiff's Motion [DE 167], defendant Azimut-Benetti SpA's Opposition to Plaintiff's Motion [DE 168], and plaintiff's Replies to both defendant Azimut-Benetti and Richard Bertram's responses [DE 176 and DE 177, respectively]. The Court also has before it defendant Azimut-Benetti's Motion for Leave to File Amended Opposition to Plaintiff's Motion [DE 181]. As a preliminary matter, Azimut-Benetti's Motion for Leave is hereby GRANTED and the Court will therefore, in deciding Marlborough's motion, consider Azimut-Benetti's Amended Opposition to Plaintiff's Motion [DE 181-1] rather than Azimut's opposition as originally filed. Since Marlborough's motion is also, for the reasons set forth below, hereby GRANTED, the Court finds

---

[1] "Defendant Richard Bertram" includes Richard Bertram Yachts, Inc., Richard Bertram, Inc., and Platinum Yacht Collection No. Two, Inc.

it unnecessary to consider any responses or replies that Marlborough may have in relation to either Azimut-Benetti's motion for leave or its amended opposition.

I.  **Background and Issues**:

Count X of Marlborough's Second Amended Complaint is a claim for fraudulent concealment and misrepresentation and includes a request for punitive damages. (DE 100 at 44, 48.) With respect to its prayer for punitive damages, Marlborough is seeking leave to obtain financial worth discovery from the defendants. Under Florida law, however, claimants are required to make "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of [punitive] damages." Fla. Stat. § 768.72(1). Further, "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." Id. The issue, then, is what effect Florida Statutes § 768.72(1) has on the ability of Marlborough, as a plaintiff in federal court, to request punitive damages and propound discovery regarding the financial worth of the defendants named in Count X. Marlborough contends that § 768.72(1) has no effect on discovery in federal court (DE 157 at 9), while the defendants posit that § 768.72 requires a plaintiff to first proffer evidence showing a reasonable basis for the punitive damages claim before financial worth discovery can proceed (DE 167 at 3 and DE 181-1 at 3).

II.  **Discussion**:

The parties cite various federal trial court opinions that support their respective positions. Compare, e.g., Gallina v. Commerce & Indus.Ins., 2008 WL 3895918, at *1 (M.D. Fla. Aug. 15, 2008) (finding that liability for punitive damages should be reasonably established before financial worth discovery can proceed); with, e.g., Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1350, 1360 (S.D. Fla. 2008) (determining that § 768.72 does not limit a federal claimant's ability to seek financial worth discovery to support a prayer for punitive damages relief). Based on Eleventh Circuit

precedent and the plain meaning of the Florida statute, however, the Court finds much of the analysis presented in the parties' filings and the cases cited therein unnecessary to resolve the issue.

Specifically, the first part of § 768.72(1) requires a claimant to make "a reasonable showing by evidence . . . which would provide a reasonable basis for recovery" before a claim for punitive damages will be permitted. The Eleventh Circuit, however, in Cohen v. Office Deport, Inc., held this provision to be in conflict with Federal Rule of Civil Procedure 8(a)(3)'s requirement that a demand for relief, including punitive damages, be included in a litigant's initial pleading. 184 F.3d 1292, 1295-99 (11th Cir. 2000). Thus, under the Eleventh Circuit's holding, from the outset, a federal claimant need not seek leave of court before including a prayer for punitive damages in its complaint.

The Court finds that this determination renders the last sentence of § 768.72(1), and the only portion of the statute that addresses the discovery issue, inapplicable, by its own terms, to financial worth discovery in federal court. That is, § 768.72(1) only requires that pleading regarding punitive damages first be permitted before financial worth discovery can proceed. Thus, even if the discovery aspect of § 768.72(1) was determined to be applicable in federal court, its very terms, in conjunction with the holding in Cohen, actually authorize financial worth discovery. The Court finds that this ends the analysis and obviates the need to consider whether the statute's discovery limitation is substantive or procedural in nature, or whether it conflicts with the federal discovery rules. Simply put, the plain meaning of the Florida statute itself renders its discovery limitations inapplicable to the case at hand. Marlborough, accordingly, is entitled to propound discovery regarding the financial worth information relevant to the punitive damages it is seeking.

As an additional matter, the Court advises the parties that it has under consideration the many other motions that have been filed recently in this matter and notes, with growing concern, that the parties appear to be increasingly involving the Court in issues that the parties should resolve amongst

themselves. The Court takes this opportunity to remind the parties, as deadlines in the Scheduling Order (DE 93 and DE 142) rapidly approach, that the Court has no tolerance for any violations of Rule 37 of the Federal Rules of Civil Procedure and expects the parties to fully cooperate in all discovery matters.

After carefully reviewing the motions before it and the entire court file, the Court hereby ORDERS that:

1. Azimut-Benetti's Motion for Leave to File Amended Opposition [DE 181] is GRANTED and Azimut-Benetti is directed to file its amended opposition in the same form as that of Exhibit A (DE 181-1), attached to its Motion.

2. Marlborough's Motion for Leave of Court to Obtain Financial Worth Discovery [157] is GRANTED. The plaintiff is directed to narrowly tailor its discovery to the limited issue of the defendants' financial worth. Plaintiff shall propound its discovery on the issue within ten days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 15th day of October, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE