UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-62075-CIV-LENARD/GARBER

MARLBOROUGH HOLDINGS
GROUP, LTD.,

    Plaintiff,

v.

PLISKE MARINE, INC., d/b/a
WORLD YACHT SURVEY,
AMERICAN BUREAU OF SHIPPING,
ATLANTIC COAST YACHT CHARTERS,
LLC., AZIMUT-BENETTI, SpA, and
AZIMUT BENETTI SERVICE USA, INC.,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court by Order of Reference from U.S. District Court Judge Joan A. Lenard. Pursuant to such reference, the Court has received: defendant Azimut-Benetti, SpA's Motion to Compel Responses to First Set of Interrogatories and First Set of Requests for Production of Documents [DE 171]; plaintiff Marlborough Holdings Group, Ltd.'s Response [DE 180]; and Azimut-Benetti's Reply [DE 199] thereto.

Azimut-Benetti served Marlborough its First Request for Production and its First Set of Interrogatories by mail on August 15, 2010. Over a month later, without even responding to that which it did not find objectionable, Marlborough replied by objecting to the entire request for production and all of the interrogatories.

I. **<u>Azimut-Benetti's First Request for Production</u>**

Marlborough objected to thirty-eight of Azimut-Benetti's forty production requests because Azimut-Benetti requested that the documents be produced for copying at counsel's offices in New York. In response, Azimut-Benetti acquiesced to the objection and stated that Marlborough could deliver the documents to local counsel. Despite this concession, Marlborough continues to belabor the point and unnecessarily involve the Court in this issue. Marlborough wants to deliver the documents to local counsel. Azimut-Benetti has acquiesced. Marlborough is ordered to deliver the documents to Aziumt-Benetti's local counsel which Marlborough should have agreed to do without ever requiring the Court to visit the matter.

Marlborough also objected, with regard to thirty-nine of Azimut-Benetti's forty requests, to Azimut-Benetti's definition of the term "document" as being overbroad. Again Azimut-Benetti acquiesced and expressed to Marlborough that, although it believes its definition was proper, it was willing to accept the definition of "document" as it appears in Appendix B of the Local Rules. Marlborough ignored the concession and continued to belabor its point that Azimut-Benetti's definition was inartfully drafted. Marlborough's insistence that Azimut-Benetti redraft and re-serve its request, incorporating the revised definition for fear that the Court will otherwise be confused, is not well taken. Marlborough is free to clarify the agreed-upon definition in its discovery responses to Azimut-Benetti.

With respect to Marlborough's other objections, those protestations pertained to: Azimut-Benetti's failure to limit the time frame for which discovery was sought (No. 1); clarifying which vessel Azimut-Benetti was referring to (No.1); which transaction Azimut-Benetti was referring to (No. 2); what Azimut-Benetti meant by term "ownership chain"(No. 3); what Azimut-Benetti meant

by the terms "prior hall damages" (No.4 ) and "hall fractures" (No. 25); what types of surveys regarding the subject vessel Azimut-Benetti was referring to (No. 5); the repetitiveness of the requests (Nos. 3, 6, 7, 8, 9, 10, 12, 13, 14, 15, 18, 20, 21, 23, 24, 27, 28, 29, 30, 32, 34, 36, and 37); and Azimut-Benetti's request for documents that it could just as easily get from other defense counsel (No. 38).[1] Azimut-Benetti has sufficiently addressed all of these objections, both in its motion to compel as well as in its correspondence to Marlborough. In fact, Marlborough concedes as much in its response. Marlborough states that it would be willing to withdraw its objections if Azimut-Benetti merely re-served its discovery consistent with Azimut-Benetti's concession regarding the definition of "documents" and its clarifications regarding the time frame in which discovery is sought. Again, Marlborough is free to clarify these issues in its discovery responses and should have taken the initiative of doing so in the first place after receiving Azimut-Benetti's correspondence regarding these concessions and clarifications.

II.     **Azimut-Benetti's First Set of Interrogatories**

None of Marlborough's objections to Azimut-Benetti's ten interrogatories relates to the substance of the interrogatories. Rather, Marlborough's protests concern certain instructions and definitions that pertain to all the interrogatories. One of these instructions directed Marlborough "to identify all documents and other things in [its] possession, custody and control," without qualification. When Marlborough objected to this instruction on the basis that it required Marlborough to identify every single document it had, Azimut-Benetti clarified that it meant for the instruction to apply only to documents that support Marlborough's interrogatory responses. Once Azimut-Benetti limited its

---

[1]The Court will not address Marlborough's objections to request Nos. 39 and 40 because Azimut-Benetti is not seeking to compel responses to those.

instruction in this way, Marlborough should not have continued to assert its objection as it did in its correspondence to Azimut-Benetti and its filing in response to the motion to compel.

Marlborough also objected, like it did for the request for production, to Azimut-Benetti's definition of the term "document" as being overbroad. Again, Azimut-Benetti acquiesced and stated that it was willing to accept the definition of "document" as it appears in Appendix B of the Local Rules. Marlborough again ignored the concession and persisted in withholding its responses. Marlborough's continued refusal to answer any of the interrogatories on this basis is improper.

III.     **Azimut-Benetti's Request for a Conference before the Court**

In its motion to compel, Azimut-Benetti requested a conference before the Court to address not only its motion, but also "anticipated issues surrounding fact and expert discovery going forward." As mentioned in the Court's October 15, 2010 Order, the parties are increasingly involving the Court in issues that should be resolved without the Court's intervention. This motion to compel, in particular, could have been easily resolved by either party taking the higher road. Marlborough could have responded to the discovery, noting Azimut-Benetti's concessions and clarifications as it did so. And, despite Marlborough's petty insistence on having Azimut-Benetti redraft its discovery, Azimut-Benetti, rather than taking the time to file a seven-page reply, which had twenty-seven pages of exhibits attached, could have just gone ahead and re-served its discovery, in the manner provided for in Marlborough's response to the motion to compel. Either would have been simple and efficient ways to handle the matter without necessitating the Court's involvement.
At this time then, the Court is confident that the parties can resolve the anticipated issues that Azimut-Benetti fears are on the horizon without appearing before the Court.

IV. **Conclusion**

Having carefully considered the parties' filings, and for the foregoing reasons, it is hereby ORDERED that Azimut-Benetti's Motion to Compel Responses to First Set of Interrogatories and First Set of Requests for Production of Documents [DE 171] is GRANTED in part and DENIED in part such that:

1. Marlborough is ORDERED to provide responses to Nos.1 through 38 of Azimut-Benetti's First Request for Production of Documents, consistent with the above, within seven (7) days from the date of this Order.

2. Marlborough is ORDERED to provide responses to Nos.1 through 10 of Azimut-Benetti's First Set of Interrogatories, consistent with the above, within seven (7) days from the date of this Order.

3. Azimut-Benetti's request for a conference before the Court is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of October 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE