UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. : 08-62075-CIV-LENARD/GARBER

MARLBOROUGH HOLDINGS
GROUP, LTD.,

    Plaintiff,

v.

PLISKE MARINE, INC., d/b/a
WORLD YACHT SURVEY,
AMERICAN BUREAU OF SHIPPING,
ATLANTIC COAST YACHT CHARTERS,
LLC., AZIMUT-BENETTI, SpA, and
AZIMUT BENETTI SERVICE USA, INC.,

    Defendants.

_____/

## OMNIBUS ORDER

    THIS CAUSE is before the Court by Order of Reference from U.S. District Court Judge Joan A. Lenard.  Pursuant to such reference, the Court has received:

1. Plaintiff Marlborough Holdings Group, Ltd.'s Motion for Additional Time to Depose Defendant's Corporate Representative and Motion to Compel the Defendant's Corporate Representative(s) to Testify at Trial in Italian [DE 178]; defendant Azimut-Benetti, SpA's Response [DE 206]; and Marlborough's Reply [DE 207].

2. Azimut-Benetti's Motion for Status Conference [DE 184]; Marlborough's Response [DE 190];  defendants Platinum Yacht collection No. Two, Inc., Michael Busacca, George Jousma, and Scott Ward's Joinder in Defendant's Motion for Status Conference [DE 197]; Marlborough's Response [DE 190]; and Azimut-Benetti's Reply [DE 204].

3. Marlborough's Motion for Extension of Time to Retain an Expert Witness to Provide Opinions Regarding Punitive Damages Issues and to Make Its Expert Witness Disclosure Regarding Punitive Damages [DE 185] (no response has been filed).

4. Marlborough's Motion to Preclude the Defendants' Expert Witnesses from Relying upon or Discussing Azimut-Benetti's Construction, Build, and Repair Records, etc.; Marlborough's

      Motion for the Court to Give the Jury an Instruction that They Must Presume that Azimut-Benetti's Failure to Produce Construction, Build, and Repair Records for the Yacht Is Evidence that Azimut-Benetti's Hull Repairs Were Defective, etc. [DE 189] and Azimut-Benetti's Response [DE 210].

5.     Azimut-Benetti's Motion to Extend the Deadline for Defense Accounting Expert Disclosure [DE 214] (Marlborough's response is not yet due).

Having considered the file, the motions, and any concomitant responses and replies, the Court finds as follows.

I.     **<u>Marlborough's Motion for Additional Time to Depose and Motion to Compel [DE 178]</u>**

Marlborough has asked the Court to extend the time it is allowed to depose Azimut-Benetti's corporate representative from one day of seven hours to two days of seven hours each. Marlborough has asked for the extension, in part, because the deponent speaks English only as a second language and has therefore requested the presence of a translator. Though Azimut-Benetti predicts that the translator will be needed only intermittently, the Court finds it likely that enough time will be spent translating, that the deposition may need to be extended to allow Marlborough the opportunity to fairly examine the deponent.

Marlborough has also asked the Court to compel Azimut-Benetti's corporate representative to testify at trial in Italian. This is neither necessary or appropriate and so the request is denied.

Thus, with respect to Marlborough's request to extend the time for the corporate representative's deposition, the Court finds that Azimut-Benetti's use of a translator will effectively reduce the time available for Marlborough to depose the witnesses and so Marlborough's motion for additional time is GRANTED. With respect to Marlborough's request that Azimut-Benetti's corporate representative be compelled to testify in Italian, Marlborough's motion is DENIED.

II. **Marlborough's Motion for Extension of Time to Retain an Expert Witness to Provide Opinions Regarding Punitive Damages Issues and to Make Its Expert Witness Disclosure Regarding Punitive Damages [DE 185]**

Having granted Marlborough's Motion for Leave of Court to Obtain Financial Worth Discovery in its October 15, 2010 Order, [DE 198], the Court also grants Marlborough's request for an extension to make its expert witness disclosures regarding punitive damages. Once Marlborough receives financial worth discovery from the defendants, it should be allowed time to have an expert witness review that discovery. Allowing an extension on this narrow issue will not significantly affect any of the remaining pretrial deadlines. The Court therefore GRANTS Marlborough's motion for an extension of the October 8, 2010 expert witness disclosure deadline until thirty days after the defendants have satisfied Marlborough's discovery requests with respect to financial worth.

III. **Marlborough's Motion to Preclude the Defendants' Expert Witnesses from Relying upon or Discussing Azimut-Benetti's Construction, Build, and Repair Records, etc.; Marlborough's Motion for the Court to Give the Jury an Instruction that They Must Presume that Azimut-Benetti's Failure to Produce Construction, Build, and Repair Records for the Yacht Is Evidence that Azimut-Benetti's Hull Repairs Were Defective, etc. [DE 189]**

The Court has carefully considered Marlborough's motion and Azimut-Benetti's response thereto. Marlborough claims that it fears that Azimut-Benetti's experts will use and rely on documents in Azimut-Benetti's possession that Azimut-Benetti has withheld from Marlborough. Azimut-Benetti maintains that its experts have had access only to the documents that have been disclosed to Marlborough. That is, Azimut-Benetti's experts' opinions will be based upon the same materials and documents that have already been made available to Marlborough. The Court finds that Marlborough's concerns are merely theoretical at this point and that no discovery violations have actually taken place. If an actual discovery violation occurs, Marlborough may request to be heard by the Court at that time. Marlborough's motion is therefore DENIED.

IV.     **Azimut-Benetti's Motion to Extend the Deadline for Defense Accounting Expert Disclosure [DE 214]**

Azimut-Benetti has filed a motion requesting that the deadline by which it must disclose the report of a recently retained accounting expert be extended by ten days to November 15, 2010. Azimut-Benetti complains that Marlborough's expert recently disclosed, on October 18, 2010, several thousand pages of materials upon which Marlborough's expert's testimony is based. Azimut-Benetti also complains that the "sharepoint" website through which Marlborough has disclosed various documents is malfunctioning, preventing Azimut-Benetti's expert from accessing and therefore reviewing that material. This is Azimut-Benetti's second request for an extension of this deadline since Judge Lenard issued the Second Revised Pretrial Deadline Report [DE 93]. Azimut-Benetti waited until over two weeks after it was given the documents before filing its motion for an extension. The Court thus GRANTS Azimut-Benetti's motion, but only to the extent that Azimut-Benetti's expert's report addresses and concerns solely the documents produced on October 18, 2010, or the documents rendered inaccessible due to the malfunctioning of Marlborough's "sharepoint" website.

V.      **Azimut-Benetti's Motion for Status Conference [DE 184]**

Azimut-Benetti has filed a motion requesting a status conference. In its motion, Azimut-Benetti expressed its concern regarding the orderly progression of discovery as well as a number of motions that were pending at the time the motion was filed. Defendants Platinum Yacht Collection No. Two, Inc., Michael Busacca, George Jousma, and Scott Ward all joined in Azimut-Benetti's motion and referenced "a deterioration in civility, professionalism, and courtesy among counsel" that is apparently "making scheduling even more difficult and resulting in unacceptable disrespect to witnesses as well as extraordinary expense to . . . clients." (DE 197 at 1-2). Marlborough has responded that it doesn't need the requested status conference but also listed a number of difficulties

it was having with opposing counsel. In the interest of efficiency, the Court's recognition of the decay in relations between the parties, and the Court's concern about the parties' apparent inability to productively confer with one another prior to filing motions, the Court will GRANT Azimut-Benetti's motion. **Said status conference is hereby set for Friday, November 12, 2010, at 2:00 PM.** Further, all parties are directed to this Court's Discovery Procedures outlined in Judge Lenard's February 2, 2009 Order (DE 4 at 9). Going forward, all discovery matters must be set for hearing per this Court's procedures. No further discovery motions may be filed with CM/ECF unless this Court directs the parties to do so.

VI. **Summary**

Having carefully considered the parties' filings, and for the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff Marlborough Holdings Group, Ltd.'s Motion for Additional Time to Depose Defendant's Corporate Representative and Motion to Compel the Defendant's Corporate Representative(s) to Testify at Trial in Italian [DE 178] is GRANTED IN PART AND DENIED IN PART. Marlborough is granted one additional day of seven hours for its deposition of Azimut-Benetti's corporate representative if a translator is used.

2. Marlborough's Motion for Extension of Time to Retain an Expert Witness to Provide Opinions Regarding Punitive Damages Issues and to Make Its Expert Witness Disclosure Regarding Punitive Damages [DE 185] is GRANTED. Marlborough shall file its punitive damages expert witness disclosure within thirty days of the defendants' satisfaction of Marlborough's discovery requests with respect to financial worth.

3. Marlborough's Motion to Preclude, etc. [DE 189] is DENIED.

4. Azimut-Benetti's Motion to Extend the Deadline for Defense Accounting Expert Disclosure [DE 214] is GRANTED IN PART. Azimut-Benetti shall file its expert report, the subject matter of which is to be limited as described above, on or before November 15, 2010.

5. Azimut-Benetti's Motion for Status Conference [DE 184] is GRANTED. The status conference is set for **Friday, November 12, 2010 at 2:00** PM. Going forward, the parties shall comply with this Court's discovery procedures as set forth on page 9 of [DE 4].

DONE AND ORDERED in Chambers at Miami, Florida this 5th day of November, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE