UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-62075-CIV-LENARD/GARBER

MARLBOROUGH HOLDINGS
GROUP, LTD.,

    Plaintiff,

v.

PLISKE MARINE, INC., d/b/a WORLD
YACHT SURVEY, AMERICAN BUREAU
OF SHIPPING, ATLANTIC COAST YACHT
CHARTERS, LLC., AZIMUT-BENETTI,
SpA, and AZIMUT BENETTI SERVICE
USA, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Court Judge Joan A. Lenard. Pursuant to such reference, the Court has received the defendants' Joint Motion to Require Plaintiff to Post Bond Pursuant to § 501.211(3), Fla. Stat., Request for an Evidentiary Hearing, and Memorandum of Law [DE 281]. The Court has also received plaintiff Marlborough Holdings Group, Ltd.'s response [DE 284] as well as the defendants' reply thereto [DE 285].

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") provides that

> In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purposes of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees.

Fla. Stat. § 501.211(3). The defendants argue that Marlborough's FDUTPA claim is "entirely without legal or factual merit" and, in support thereof, direct the Court's attention, without specificity, to nearly 200 pages of filings in this case. (DE 126, 133, 140, 154, 162, 167, 168, 254, 259, 267, and 268). The cited filings comprise various motions, responses, replies, and statements of facts opining on issues relating to dismissal, punitive damages discovery, and summary judgment. Other than their conclusory statements that the plaintiff's claims are time barred and entirely unsupported by the record, the defendants' motion fails to otherwise support their allegations with any particularity. The Court declines the defendants' invitation to pore over the eleven different filings referred to in order to make the defendants' argument for them. The plaintiff's response sufficiently refutes the defendants' conclusory allegations that the claims are wholly lacking in legal or factual merit.

Having determined that the plaintiff's response sufficiently refutes the defendants' allegations that the FDUTPA claim is without factual or legal merit, an evidentiary hearing is not required to determine the necessity of a bond. Accordingly, and for the reasons set forth above, the Court hereby

ORDERS that the defendants' motions to require the plaintiff to post a bond and to set an evidentiary hearing regarding same are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of February, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE