UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-62075-CIV-LENARD/O'SULLIVAN

MARLBOROUGH HOLDINGS GROUP, LTD,

    Plaintiff,

v.

AZIMUT-BENETTI, SPA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendants' Renewed Joint Motion to Require Plaintiff to Post Bond Pursuant to Fla. Stat. § 501.211(3), and/or to Enjoin Plaintiff from Transferring Any Assets Outside of the Honorable Court's Jurisdiction. (DE # 416.)  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard.  (DE # 418.)  The undersigned held a hearing on this matter on May 31, 2011.

The defendants Azimut-Benetti, SPA, Platinum Yacht Collection No. Two, Inc. f/k/a Richard Bertram Yachts, Inc., George Jousma, Michael Busacca and Scott Ward jointly renew their motion to require the plaintiff to post a bond pursuant to Florida Statute § 501.211(3) which was previously filed by the defendants on January 4, 2011 (DE # 281).  Judge Garber denied the defendants' previous motion to require the plaintiff to post a bond and determined that the plaintiff's response sufficiently refuted

1

the defendants' allegations that the plaintiff's Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") claims are without factual or legal merit. (DE # 375 at 2.) The defendants did not object to Judge Garber's order denying their previous motion to require the plaintiff to post a bond. Given that Judge Garber already ruled on the defendants' motion to require the plaintiff to post a bond and the defendants failed to timely object to Judge Garber's ruling on the matter, the undersigned will not now reconsider the matter. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case.") (citation omitted); FED. R. CIV. P. 72(a) ("A party may serve and file objections to [a magistrate judge's order on a non-dispositive matter] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *Palmore v. Hicks*, 383 Fed. Appx. 897, 900 (11th Cir. 2010) ("Where a party failed to object to a magistrate's ruling regarding a non-dispositive pretrial matter, the party has forfeited his right to challenge the ruling on appeal.") (citations omitted); *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *4 (N.D. Tex. Nov. 21, 2005) ("Defendants by their objections to the denial of their motion for reconsideration are essentially seeking improperly to bring an untimely appeal of the magistrate judge's initial ruling denying their motion . . . . In their reply brief, defendants maintain that the court may nevertheless review the magistrate judge's initial order for plain error. Because they did not file timely objections to that order, the court cannot

review the order for plain error or under any other standard of review.").

The defendants' alternative request seeks to enjoin the transfer of the plaintiff's funds in the plaintiff's counsel's trust accounts. (DE # 416 at 6.) The plaintiff's counsel was ordered at the May 31, 2011 hearing to file affidavits stating whether, since March 23, 2011, the filing date of the defendants' renewed joint motion, the plaintiff's counsel held in trust for the plaintiff any funds in an amount exceeding $1,300. On June 1, 2011, the plaintiff's counsel, Farris J. Martin, III filed an affidavit stating that on March 23, 2011, $2,517.58, the entire balance of his law firm's trust account for the plaintiff was paid out for costs associated with obtaining copies and transcripts. (DE # 452 at 3.) On June 1, 2011 and June 6, 2011, the plaintiff's counsel, Gordon C. Watt filed an affidavit stating that from March 23, 2011 through June 1, 2011, there has been a total of $212.01 in his trust account for the plaintiff and that no disbursements have been made. (DE # 453, 457.) The defendants' motion asks that the plaintiff's counsel be prohibited from transferring any amounts they hold in trust for the plaintiff. Counsel for the plaintiff hold no substantial assets that belong to the plaintiff. Should counsel for the plaintiff come into the possession of any assets of the plaintiff that exceeds $1,000, they shall immediately notify counsel for the defendants and not disburse those funds without agreement of the parties or further order of the court. Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Renewed Joint Motion to Require Plaintiff to Post Bond Pursuant to Fla. Stat. § 501.211(3), and/or to Enjoin Plaintiff from Transferring Any Assets Outside of the Honorable Court's Jurisdiction (DE

# 416) is **Denied**.

DONE AND ORDERED, in Chambers, at Miami, Florida this **14th** day of June, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record